UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ELMER SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:13-CV-113 |
| | ) | (HOOD/GUYTON) |
| V. | ) | |
| | ) | |
| ENCORE CAPITAL GROUP, INC., | ) | |
| *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court,

and Standing Order 13-02. Now before the Court is a Motion to Strike Pattern and Practice

Allegations from Complaint [Doc. 6] and Supplement [Doc. 12],[1] filed by Defendants Encore

Capital Group, Midland Funding, LLC, and Midland Credit Management, Inc. (collectively "the

Defendants").

In this suit, Plaintiff alleges that Defendants violated the Fair Debt Collections Practices

Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in their attempts to collect a debt from Plaintiff –

namely a credit-card debt originally owed to or serviced by Citibank.

In the Motion to Strike, Defendants allege that Plaintiff's Complaint includes several

paragraphs of allegations that purport to establish an alleged pattern and practice on the part of

Defendants of filing collection lawsuits without obtaining proper evidence in support of their

claims. [Doc. 6 at 2]. Defendants also allege that Plaintiff's Complaint contains generalized

---

[1] Defendants requested leave to supplement the Motion to Strike on April 19, 2013. The Plaintiff did not object to this request, and the time for doing so has expired. Accordingly, the Defendants are **GRANTED** leave to file their proposed Supplement, and the Court will consider the Supplement [Doc. 12] in its analysis of the Motion to Strike [Doc. 6].

allegations of Defendants' alleged practices and actions allegedly taken by Defendants against third parties, and do not mention any acts taken with regard to Plaintiff. [Id.]. The Defendants move the Court to strike paragraphs 17, 18, 19, 21, 24, 26, 27, 44, 45, and 47 as impertinent and immaterial, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. [Id. at 3].

The Defendants cite the undersigned to Shelton v. Encore Capital Group, Inc., No. 2:12-CV-23 (E.D. Tenn. July 5, 2012), and Howze v. Encore Capital Group, Inc., No. 2:12-CV-12 (E.D. Tenn. July 5, 2012), wherein the Honorable Dennis Inman, United States Magistrate Judge, granted a similar motion to strike pattern and practice allegations.

The Plaintiff has not responded in opposition to the relief requested by the Defendants. The time for responding has expired. See E.D. Tenn. L.R. 7.1; Fed. R. Civ. P. 6(d), 5(b)(2)(E). The Court may treat this failure to respond as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, 2012 WL 369090 (E.D. Tenn. 2012) (Curtis, C.J.) ("Plaintiff's failure to respond effectively waives any objections that he may have had on this matter.").

The Court has considered the Defendants' requested relief and the arguments presented in support of the relief. The Court finds that Shelton v. Encore Capital Group, Inc., No. 2:12-CV-23 (E.D. Tenn. July 5, 2012), and Howze v. Encore Capital Group, Inc., No. 2:12-CV-12 (E.D. Tenn. July 5, 2012), provide persuasive authority in this case. Moreover, the Court finds that the Plaintiff has failed to present any opposition to the relief requested.

Accordingly, the Court finds that the Motion to Strike Pattern and Practice Allegations **[Doc. 6]** is well-taken, and it is **GRANTED**.

The Plaintiff **SHALL FILE** an amended complaint removing the pattern and practice allegations from paragraphs 17, 18, 19, 21, 24, 26, 27, 44, 45, and 47, on or before **May 17, 2013**. Thereafter, the Defendants shall have up to and including **May 31, 2013**, to file a responsive pleading or to supplement their pending Motion to Dismiss.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

3